**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 8 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DARWIN ANTONIO ORDONEZ PEREZ, | No. 23-94 |
| Petitioner, | Agency No. A201-316-447 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 6, 2024**
Portland, Oregon

Before: GOULD, BYBEE, and BRESS, Circuit Judges.

Darwin Antonio Ordonez Perez (Ordonez Perez), a native and citizen of El

Salvador, petitions for review of a Board of Immigration Appeals (BIA) decision

dismissing his appeal from a decision by an Immigration Judge (IJ) denying his

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). The BIA affirmed the IJ's decisions that Ordonez Perez's asylum application was untimely and, even on the merits, Ordonez Perez did not meet his burden of establishing a well-founded fear of persecution on account of a protected ground. We have jurisdiction under 8 U.S.C. § 1252 and deny Ordonez Perez's petition.

"Where, as here, the BIA agrees with the IJ decision . . . we review the decision of the BIA and those parts of the IJ's decision upon which it relies." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1027–28 (9th Cir. 2019). We review the BIA's factual findings for substantial evidence. *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc). The substantial evidence standard is deferential, requiring reversal when, based on the record evidence, "any reasonable adjudicator would be compelled to conclude to the contrary." *Id.* (citation omitted).

1. Even assuming that Ordonez Perez's asylum application was timely, the denials of Ordonez Perez's claims for asylum and withholding of removal are supported by substantial evidence. First, the record does not compel the conclusion that Ordonez Perez's well-founded fear of persecution is "objectively reasonable," much less the conclusion that Ordonez Perez faces a "clear probability" of

persecution.[1] *Sael v. Ashcroft*, 386 F.3d 922, 924 (9th Cir. 2004); *Tamang v. Holder*, 598 F.3d 1083, 1091 (9th Cir. 2010). "Although the persecution of family members is highly probative," it does not automatically "trigger a sweeping entitlement to asylum eligibility for all members of [his] extended family." *Navas v. INS*, 217 F.3d 646, 659 n.18 (9th Cir. 2000) (quoting *Mgoian v. INS*, 184 F.3d 1029, 1036 (9th Cir. 1999)). Instead, "the relationship that exists between the persecution of family members and the circumstances of the applicant must be examined." *Id.* Here, Ordonez Perez has not received personal threats, and the motives of those who inflicted harm upon his family members are unclear. *Cf. Njuguna v. Ashcroft*, 374 F.3d 765, 770 (9th Cir. 2004) (attacks on petitioner's family were accompanied by specific threats against petitioner); *Cordon-Garcia v. INS*, 204 F.3d 985, 992 (9th Cir. 2000) (persecutors asked petitioner's family about petitioner's whereabouts). We conclude that a reasonable adjudicator could find that Ordonez Perez's fear of being preemptively harmed is not objectively reasonable.

Second, the record does not compel the conclusion that Ordonez Perez's membership in his family would be "a reason" for his persecution, much less "one

[1] Ordonez Perez concedes on this appeal that he did not suffer past persecution in El Salvador.

central reason."[2] *Barajas-Romero v. Lynch*, 846 F.3d 351, 359–60 (9th Cir. 2017). The men who approached and killed Ordonez Perez's brother remain unidentified, and their motives are unknown. *Santos-Ponce*, 987 F.3d at 890. Similarly, the individuals extorting Perez's family are anonymous, and the record does not establish that they are "motivated by anything other than an economic interest" in receiving payments. *Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1019 (9th Cir. 2023) (citation omitted). Moreover, Ordonez Perez's other sisters have not been harmed or threatened following their brother's murder. *Cf. Mgoian*, 184 F.3d at 1036. It is possible that the tragic events suffered by Ordonez Perez's family are connected. But without more evidence, Ordonez Perez's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground." *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010).

2. Because substantial evidence supports the conclusion that Ordonez Perez has not demonstrated a "clear probability" of future persecution under his withholding of removal claim, we similarly reject Ordonez Perez's claim for CAT

---

[2] Because the record does not compel a nexus finding, we do not reach the issue of whether the particular social group of Ordonez Perez's family is cognizable. *Santos-Ponce v. Wilkinson*, 987 F.3d 886, 891 n.3 (9th Cir. 2021).

protection.  *Tamang,* 598 F.3d at 1095.  The record does not compel a finding of likely future torture in the proposed country of removal.

**PETITION DENIED.**